# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 12-CR-611-L |
| Plaintiff-Respondent, | ORDER |
| vs. | |
| JUAN ANTONIO RAMIREZ-LOZANO, | |
| Defendant-Petitioner. | |

Petitioner Lozano filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 28.] This Court sentenced Petitioner to 40 months custody in the Bureau of Prisons after he pled guilty to being a Deported Alien Found in the United States in violation of 8 U.S.C. § 1326(a) & (b). He now seeks relief claiming (1) his counsel failed to oppose or appeal an additional 8 month consecutive sentence imposed by Judge Hayes in case number 8-cr-801-WQH; and (2) he was denied his right to appeal when his attorney refused to file an appeal to the additional 8 months imposed by Judge Hayes.

When it appears from the face of a motion under §2255, and any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal. Rule 4, 28 U.S.C. foll. §2255.  For the following reasons, Petitioner's Motion will be summarily dismissed.  First, the Court has reviewed the record

1 in this case, which clearly establishes that Petitioner waived both his right to appeal and to collaterally
2 attack his conviction and sentence in this case as well as the sentence imposed for violation of his
3 supervised release.¹ [Plea Agreement ¶¶ X:H & XI.] Petitioner also acknowledged in his plea
4 agreement that he consulted with counsel and was satisfied with counsel's representation. [Plea
5 Agreement ¶ XVI.] Petitioner's motion raises no challenge to the validity of the waiver, therefore this
6 Court lacks jurisdiction to consider any collateral challenge to his conviction and sentence. *See*
7 *Washington v. Lampert*, 422 F.3d 864, 869-70 (9th Cir. 2005) (recognizing that if sentencing
8 agreement's waiver of the right to file a federal habeas petition was valid, district court lacked
9 jurisdiction to hear the case).

10 Second, a review of the record confirms that Judge Hayes revoked Petitioner's Supervised
11 release in case number 8-cr-801-WQH and imposed a custodial term of 8 months to run consecutive
12 to Petitioner's sentence in this case. Indeed, Petitioner's motion is entirely directed at that sentence.
13 Petitioner argues he was denied effective assistance of counsel when his attorney "failed to oppose
14 the Prosecutor's request [that Judge Lorenz] revoke [his] probation related to case No. 8-cr-0801-
15 WQH" and was denied his right to appeal when his attorney "refused to file an appeal to the 8 months
16 conse[c]utive sentence erroneously imposed by Honorable Hayes." Therefore, Petitioner's Motion
17 is misdirected to this Court. He is challenging a sentence that was not imposed by this Court and
18 which this Court has no authority to review.

19 ///
20 ///

---

¹ The plea agreement contains the following sentence, which is marked through: "The parties, therefore, jointly recommend that any sentence imposed for violation of supervised release run consecutive to the sentence imposed in the instant case." The initials, "J.R." and "M.D" appear next to the alteration. The initials "J.R." also appear at the bottom of each page of the plea agreement next to the phrase, "Def Initials."

1
2   Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28
3 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.
4   **IT IS SO ORDERED.**
5
6 DATED: November 5, 2012
7
   _____
   M. James Lorenz
8  United States District Court Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28